IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SARA ELLIAS,

                Plaintiff,            OPINION AND ORDER

v.

                                        16-cv-576-wmc

CAROLYN W. COLVIN,

                Defendant.

---

Pursuant to 42 U.S.C. § 405(g), plaintiff Sara Ellias seeks judicial review of a final decision of defendant Carolyn W. Colvin, the former Commissioner of Social Security, which denied her application for Social Security Disability Insurance Benefits. For the reasons provided below, notwithstanding the number of severe impairments credited by the ALJ, the record and explanation of the ALJ more than adequately explain her rejection of the treating physician's opinion here, as well as the finding that plaintiff could engage in light work with certain restrictions. Accordingly, the court will affirm the Commissioner's determination and enter judgment in defendant's favor.

BACKGROUND

On July 9, 2012, Ellias filed a Title II application for a period of disability beginning December 31, 2011. Her claim for disability insurance benefits was denied on January 24, 2013, and upon reconsideration on August 22, 2013. Ellias then requested an evidentiary hearing before an Administrative Law Judge, which took place on December 18, 2014, before ALJ Mary M. Kunz.

The ALJ found Ellias suffered from a variety of severe impairments, including

obesity, migraine headaches, chronic pain syndrome (or fibromyalgia), hiatal hernia repair, mild osteoarthritic changes in the hip, degenerative disc disease of the lumbar spine and facet osteoarthritis, degenerative disc disease of the cervical spine, minimal osteoarthritis changes in the left knee, plantar fasciitis and left shoulder bursitis. (AR at 22.) The ALJ found that several other health issues were not severe impairments, including a history of gall bladder surgery without ongoing limitations, history of sarcoid, bony abnormalities, vertigo and ADD. (*Id*. at 22-23.)

The ALJ denied Ellias's claims on January 16, 2015, making an RFC finding that she was capable of light work under 20 CFR 404.1567(b). (AR at 27.) The ALJ cautioned against work at unprotected heights or near hazards requiring balance, and placed other restrictions on physical activity. (*Id*.) While finding that Ellias should work near a restroom, the ALJ did not assume a need for rest breaks beyond what is typical. (*Id*.)

OPINION

This court must defer to an ALJ's decision to deny benefits unless it is unsupported by substantial evidence or based on an error of law. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Ultimately, the ALJ must create an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled. *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)).

"Where conflicting evidence allows reasonable minds to differ as to whether a

claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). A reviewing court will not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Still, the court must conduct a "critical review of the evidence" before affirming a decision to deny benefits. *McKinzey*, 641 F.3d at 889.

Here, plaintiff raises seven issues on appeal, arguing that the ALJ failed to: (1) account for a need for rest breaks beyond the traditional two fifteen minute rest periods and one thirty minute lunch break during an eight hour work day; (2) properly analyze side effects of plaintiff's medications; (3) consider the impact of obesity on plaintiff's ability to work; (4) give adequate weight to a treating physician; (5) consider diagnosed fibromyalgia in the SSR-12-2p context; (6) consider plantar fasciitis; and (7) properly assess plaintiff's mental RFC. The court will address each claim in turn.

I. Additional Rest Breaks

Plaintiff argues the ALJ did not sufficiently credit her testimony about difficulties with bowel control, making the ALJ's conclusion she should work near a restroom overly vague. Under Social Security Ruling 96-7p, an ALJ must follow a two-step process in evaluating a plaintiff's description of her impairments. The ALJ must determine whether an "underlying medically determinable physical or mental impairment" could reasonably be expected to produce the individual's pain or other symptoms; and if so, the ALJ must evaluate the "intensity, persistence, and limiting effects of the individual's symptoms to

3

determine the extent to which the symptoms limit the individual's ability to do basic work activities." Social Security Ruling (SSR) 96-7p, 1996 WL 374186, *2 (1996); *see also Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004).

Here, the ALJ found that plaintiff's testimony about bowel control was "not corroborated by the objective medical record." (AR at 31.) Specifically, the ALJ noted "no complaints of loss of bowel control to any treating source," which she found to be "a course of treatment completely inconsistent with her allegations in testimony at the hearing." (*Id.* at 32.) Such credibility findings are entitled to deference and will be upheld unless "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006); *see also Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006) ("Credibility determinations can rarely be disturbed by a reviewing court, lacking as it does the opportunity to observe the claimant testifying."); *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) ("It is only when the ALJ's determination lacks any explanation or support that [the court] will declare it to be 'patently wrong.'"). Additionally, the VE testified during the RFC determination that a significant number of jobs place workers close to the restroom.

**II. Medication Side Effects**

Plaintiff next argues the ALJ did not sufficiently credit her testimony that pain medications caused her to be tired and lose focus. The ALJ again found plaintiff's testimony was not credible when compared to her medical history, stating that: "records from treating sources throughout the claim period do not indicate [plaintiff] had reported these [side effects] to them or sought alternative medications. As indicated above, she did report having had some sedation when first starting Savella, but did not report this as an

ongoing issue [and] did not give any indication of specific side effects from other medications during the claim period." (AR at 31.)  Consequently, this court again has no basis to question the ALJ's credibility determination.

## III. Obesity

The ALJ also considered plaintiff's obesity, while still finding that she was capable of light work: "Although there is no longer a specific listing for obesity, the claimant's obesity has been considered using the criteria of the musculoskeletal, respiratory, and cardiovascular impairments . . . ." (AR at 27.)  In particular, the ALJ found "no indication the claimant's obesity, alone or in combination with any other impairment, medically equals the criteria of any listed impairment." (*Id*.)  The ALJ further found it "notable that claimant's treatment providers have not noted in her medical record that the claimant is impaired functionally in any specific way by obesity." (*Id*. at 31.)  While plaintiff would dismiss this reasoning as conclusory, the ALJ was entitled to defer to the opinions of medical professionals, who were both aware of the condition and had concluded it was not severe enough to address it.  While plaintiff points to a variety of other medical conditions in the record as being possibly related to obesity, this alone does not call the ALJ's ultimate determination into question.

## IV. Treating Physician Deference

Plaintiff further argues the ALJ failed to afford adequate weight to the opinions of her treating physician, Dr. Frederick Rochman, that plaintiff suffered from severe pain, could only work one hour per day with a sit/stand alternative, and could only lift up to 5

5

pounds.  (AR at 32.)  Dr. Rochman also found plaintiff needed to be able to elevate her legs for 30 minutes, avoid frequent fine or gross manipulation with her hands, engage in more frequent breaks than usual and miss two or more days per month.  (*Id*.)  Finally, Rochman found that plaintiff can only work for one hour a day, which is wholly inconsistent with the ALJ's RFC conclusion that plaintiff is capable of light work.

A treating physician's opinion deserves controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence."  *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) (quoting 20 C.F.R. § 404.1527(d)(2)).  But when the record contains well-supported contradictory evidence, a treating physician's opinion "is just one more piece of evidence for the administrative law judge to weigh."  *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006).  Ultimately, "[a]n ALJ who does not give controlling weight to the opinion of the claimant's treating physician must offer 'good reasons' for declining to do so."  *Larson*, 615 F.3d at 749.

Here, Dr. Rochman's capacity opinion was offered in 2012, the ALJ afforded it no weight, primarily due to later developments and subsequent opinions that appear inconsistent with the conclusions of several other doctors.  Specifically, the ALJ found Rochman's opinion "indicat[ing] the claimant was unable to ambulate effectively, [when] physical examinations, discussed in detail above, indicate the claimant evinces the ability to heel and toe walk, normal gait and normal strength."  (AR at 32.)  The ALJ also indicated that Rochman did not point to any rationale based on objective findings for his work limitations.  (*Id*. at 33.)  Finally, the ALJ found that Rochman had "apparently relied quite

heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported [despite the presence of] good reasons for questioning the reliability of the claimant's subjective complaints." (AR at 33.) *See Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) ("medical opinions upon which an ALJ should rely need to be based on objective observations and not amount merely to a recitation of a claimant's subjective complaints.").

Moreover, during oral argument before this court, there was no contention that the ALJ did not consider the opinion of Dr. Rochman. Instead, counsel relied on the fact that he is "an experienced specialist." Given the well-founded reasons for doubt in Rochman's conclusion here, the ALJ's credibility determination will not be overturned.

## V. Fibromyalgia

Plaintiff also argues that fibromyalgia was not properly considered by the ALJ, but she actually did so when analyzing plaintiff's RFC, noting "[t]here is no listing for chronic pain syndrome or for fibromyalgia, but the [ALJ] has considered the closest analogous sections, Listings 1.02 and 14.06, to assess this condition. Listing 1.02 is not met or equaled because the claimant does not have a significant restriction of function in the affected joints, as discussed in detail below. In addition, there is no evidence of the criteria found in Listing 14.06." (AR at 27.) The ALJ again analyzed more recent medical filings, noting that: "[w]hen most recently seen on June 2, 2014, the claimant indicated to Dr. Cunningham the fibromyalgia was reasonably controlled and she was tolerating Savella." (*Id*. at 31.)

## VI. Plantar Fasciitis

Plaintiff argues her plantar fasciitis was not factored into the RFC determination, even though two doctors diagnosed the condition. In particular, Dr. Cunningham recommended plaintiff should ice her feet towards the end of the day. The ALJ found this condition to be a severe impairment, but it is unclear what limitations plaintiff believes were overlooked -- as there is medical testimony in the record about her ability to walk, and icing would not need to occur during the workday.

## VII. Mental RFC

Finally, plaintiff argues a remand is warranted to consider the conclusion of two DDS mental health consultants, finding that she had moderate limitations in concentration stemming from ADD. The ALJ, however, stated that "the conclusions of the state agency consultants are assigned little weight, as they did not have access to the most recent records presented at the hearing level, which establish [a] lesser level of limitation than their conclusions indicate." (AR at 24.) No mental limitations were mentioned in plaintiff's testimony other than those stemming from the side effects of medications. (*Id*. at 23.) However, the ALJ observed that no mental health symptoms from the medications were mentioned in multiple visits with Dr. Cunningham and looked to a positive mental health evaluation by Dr. Weaver from March 17, 2014. While another physician, Dr. Desmonde, provided mixed findings indicating a concern about plaintiff's ability to tolerate stress, the ALJ did not credit this testimony due to internal contradictions and inconsistency with other medical opinions. (*Id*. at 24.)

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, the former Commissioner of Social Security, denying Sara Ellias's application for disability insurance benefits is AFFIRMED. The clerk of the court is directed to enter judgment for defendant and close this case.

Entered this 23rd day of May, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge